UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THE FORERUNNER,

    Plaintiff,

v.

WASHINGTON STATE BAR ASSOCIATION,

    Defendant.

CASE NO. C08-1069RSM

ORDER OF DISMISSAL

Daniel Pearl appears *pro se* in this action on behalf of an entity named "The Forerunner". Plaintiff alleges that members of the Washington State Bar Association have refused to provide representation to it in a civil matter, in violation of the Fourteenth Amendment to the Constitution. Plaintiff requests four million dollars in damages. The complaint is defective in several respects.

On September 10, 2008, the Court ordered Mr. Pearl to show why the complaint should not be dismissed, listing as bases the following reasons:

(1) Mr. Pearl may not litigate this matter on behalf The Forerunner; he may only represent himself. "While a non-attorney may appear *pro se* on his own behalf, '[h]e has no authority to appear as an attorney for others than himself.'" *Johns v. County of San Diego*, 114 F. 3d 874, 879 (9th Cir. 1997); *quoting C.E. Pope Equity Trust v. United States*, 818 F. 2d 696, 697 (9th Cir. 1987).

ORDER TO SHOW CAUSE - 1

(2) Mr. Pearl has cited to no statute which would confer jurisdiction on this Court, or provide a federal cause of action for the wrongs alleged. It is a fundamental principle of jurisprudence that federal courts are courts of limited jurisdiction. *Owen Equipment and Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. Thus, it is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Kokkonen v. Guardian Life Insurance Co. of America,* 511 U.S. 375, 377 (1994) (citations omitted). The basis for federal question jurisdiction must appear on the face of the well-pleaded complaint. *Bell v. Hood*, 327 U.S. 678, 680-82 (1946). The complaint must establish either that a federal statute creates the cause of action, or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. *Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 27-28 (1983).

The complaint cannot be construed as invoking the jurisdiction of this Court under the civil right statute, 42 U.S.C. § 1983, because in order to state a claim under § l983, a complaint must allege that (l) the defendants acted under color of state law, and (2) their conduct deprived plaintiff of a constitutional right. Section l983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F. 2d l350, l354 (9th Cir. l985)(en banc); *cert. denied*, 478 U.S. 1020 (l986). Section 1983 of itself creates no substantive rights, but only provides a means of enforcing federal rights that have been conferred elsewhere. *Graham v. Connor*, 490 U.S. 386, 394 (1989).

Even if Mr. Pearl had properly filed a complaint on behalf of himself rather than the entity designated as The Forerunner, he has neither alleged that defendant Washington State Bar Association acted under color of state law, nor that the act of declining to represent him in a civil matter deprived him of a constitutional right. The Fourteenth Amendment right to due process does not guarantee to any plaintiff legal counsel in a civil matter.

Mr. Pearl filed a response to the Order to Show Cause on September 17, 2009. Dkt. # 4. This response wholly fails to address the points raised in the Order to Show Cause, and does not establish any basis for the Court's jurisdiction in this matter. Further, plaintiff Forerunner still has not appeared

ORDER TO SHOW CAUSE - 2

1 | through an attorney licensed or authorized to appear in this Court.
2 | Accordingly, the complaint and action are hereby DISMISSED for lack of jurisdiction.

Dated this 27th day of March, 2009.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER TO SHOW CAUSE - 3